PEOPLE *v.* BOOMER

CRIMINAL LAW—PLEA OF GUILTY—BREAKING AND ENTERING—INTENT.

Denial of defendant's motions to withdraw his pleas of guilty of breaking and entering an occupied dwelling with intent to commit felonious assault and with intent to commit larceny was not error where defendant's contention that he was too intoxicated at the time to formulate the necessary specific intent to commit the two offenses charged was refuted by his own admission in court that he intended to rob the apartment into which he had broken whereupon the prosecutor amended the information.

Appeal from Macomb, James J. Kelley, Jr., J. Submitted Division 2 June 18, 1970, at Lansing. (Docket Nos. 9,208, 9,209.)   Decided August 4, 1970.

James Henry Boomer was convicted, on his pleas of guilty, of breaking and entering an occupied dwelling with intent to commit felonious assault and of breaking and entering with intent to commit larceny.   Defendant's motions to withdraw pleas denied.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Rostash,* Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Before: FITZGERALD, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Defendant pleaded guilty to breaking and entering an occupied dwelling with intent to commit felonious assault,[1] and breaking and entering with intent to commit larceny.[2] He was represented by counsel when his pleas were accepted. This appeal results from the trial court's denial of motions to withdraw the two pleas.

Before either of the pleas was accepted, the court ascertained that they were freely, voluntarily and understandingly made without undue influence or promise of leniency as required by GCR 1963, 785.3 (2). The records in both cases show that the court adequately questioned defendant as required; defendant's responses indicated that he had indeed committed the crimes and was aware of the consequences of the pleas.

It is claimed in both cases that defendant was too intoxicated to formulate the necessary specific intent. The actions of defendant and his own in-court statements refute this contention. *People* v. *Kelley* (1970), 21 Mich App 612, held that intoxication can be a defense to a crime which requires a specific intent. However in this case defendant pleaded guilty to an amended information. The information was amended when the prosecution discovered, through defendant's in-court admission, that he intended to rob the apartment upon breaking in. The amendment was made without objection and was read in open court.

The denial of defendant's motion was proper.

Affirmed.

---

[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). (Docket No. 9209.)

[2] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). (Docket No. 9208.)